BARNES BEAUTY COLLEGE,
Appellant,

v.

Susan McCOY, Appellee.

No. 62262.

Supreme Court of Iowa.

May 30, 1979.

Eugene R. Commander, of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellant.

Janice M. Woolley, Council Bluffs, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, ALLBEE, and LARSON, JJ.

HARRIS, Justice.

In this case of first impression we must decide whether a motion for new trial, under Iowa R.Civ.P. 244, is appropriate after judgment in small claims court. If not, the appeal to district court in this case was untimely and the small claims judgment became final. We believe the legislative scheme for informal small claims procedure did not contemplate new trial motions. Accordingly, we reverse a district court modification of the small claims judgment and we remand the case for reinstatement of the judgment as entered in small claims court.

Barnes Beauty College (plaintiff) brought this suit in the Iowa district court in Pottawattamie County, small claims division, to recover $463.50 from Susan McCoy (defendant). The subject of the suit was tuition plaintiff claimed from defendant. There was a later amendment which added attorney fees to the claim. Following answer, a further amendment, and counterclaim, trial was held on March 29, 1978. In its decision, May 30, 1978, the small claims court found in favor of plaintiff for the tuition claim of $463.50. The claim for attorney fees was denied on a finding that a contract provision violated the Iowa consumer credit code. A penalty was assessed against the college for the violation. § 537.5201, The Code, 1979. The small claims court, however, refused to award defendant attorney fees, as requested, stating defendant failed "to file an affidavit upon which the court may base an award of reasonable fees."

On June 8, 1978, defendant filed a motion for new trial in small claims court asserting she should have been awarded attorney fees. On July 5, 1978, the small claims court overruled that motion, stating the remedy which defendant should have employed was an appeal to a judge of the district court as provided by § 631.13, The Code. The ruling expressed the view that a

motion for new trial ". . . is not expected or provided for in chapter 631; the remedy of appeal is exclusive."

After denying the application the trial court went on to state:

The party should not be prejudiced by counsel's error in assuming a motion for new trial is available under small claims. The time for appeal should be extended for ten days.

On July 7, 1978, defendant filed a notice of appeal to district court. On July 10 plaintiff filed a motion to dismiss, asserting the appeal was not timely. Thereafter the district court affirmed the small claims judgment but modified it by awarding $150 attorney fees to defendant. On plaintiff's request, we granted discretionary review pursuant to § 631.16, The Code, 1979.

I. Plaintiff argues that an unsuccessful litigant's exclusive remedy from error in a small claims action is by an appeal to district court pursuant to § 631.13, The Code, 1979. The section expressly provides that no appeal shall be taken after ten days following judgment in small claims court. Thus, if plaintiff is correct in its belief that an appeal to district court is the exclusive remedy for small claims court error, it would follow that the judgment in this case became final when an appeal was not taken within ten days. Chapter 631 contains no express provision for post-trial motions.

The oft-recited rubrics of statutory construction are not disputed. The polestar is legislative intent. Our task is to search out that intent and, wherever possible, give it effect. To do so we construe the statute as a whole, with a view to the objects and goals of the legislature and any evils the legislature wished to remedy. We are bound by whatever reasonable or liberal construction best squares with the legislative purpose. As the judicial branch of government we hold no authority to legislate nor to place strange, impractical, or absurd construction on statutory language. *Doe v. Ray*, 251 N.W.2d 496, 500–501 (Iowa 1977), and authority there cited. When, as here, a statute is interpreted for the first time:

". . . [W]e examine both its language and legislative purpose. We consider all its parts together without according undue importance to single or isolated portions. [Authority.] Issues of statutory construction cannot be resolved from isolated words taken out of context. [Authority.]"

*Hanover Ins. Co. v. Alamo Motel*, 264 N.W.2d 774, 778 (Iowa 1978). *See also* 2A *Sutherland Statutory Construction* § 46.05 (4th ed. C. Sands 1973).

Chapter 631 was enacted as a part of the legislation which established a unified trial court in Iowa. Acts 1972 (64 G.A.) chapter 1124, § 60 *et seq.* Legislative purpose is unmistakable. As a part of designing the unified trial court the legislature provided, in what became chapter 631, for a special court to process the suits specified in § 631.1. Included are civil suits involving $1000 or less and certain actions for forcible entry and detainer.

For these small claims suits, the legislature thought it was in the public interest to provide a simpler, easier, and less expensive procedure than was afforded in district court under the Rules of Civil Procedure. Under the plan an action can be brought by filing a form provided by the clerk of court. § 631.3. The clerk can help fill out the form. § 631.3(2). According to § 631.7(1) no formal written pleadings or motions are required although the court may allow them. Fees and costs are paid in advance. § 631.6.

Small claims actions may be tried by a judicial magistrate, a district associate judge, or by a district judge. § 631.2(1). If the court permits a motion, it shall, with one exception, be heard at the time of trial on the merits. § 631.7(2). The exception (a motion involving third party practice under Iowa R.Civ.P. 34) has no application here.

Significantly, the legislature specified that any hearing on the merits shall be ". . . simple and informal, and shall be conducted by the court itself, without regard to technicalities of procedure." § 631.-11(1). A court reporter is not required, but

"detailed minutes" of testimony are made by the court at the time of hearing. § 631.11(3). Any appeal to district court is submitted entirely on the record made in small claims court, unless, in the opinion of the district court, this record is inadequate. In such a case additional evidence may be heard. § 631.13(4)(a). In view of the simple procedures adopted in chapter 631 the legislature specified that parties need not retain an attorney unless they wished. § 631.14.

On the basis of the foregoing we think the legislature's omission of any provision for new trial motions was deliberate. Providing such a motion would be a step toward formalism, expense, and delay in obtaining final judgment. And new trial motions are incompatible with the legislature's desire that any party wishing so could appear without counsel.

A new trial is ". . . the re-examination in the same court of any issue of fact or part thereof, after a verdict, or master's report, or a decision of the court." Iowa R.Civ.P. 242. According to Iowa R.Civ.P. 244 there are nine possible grounds for new trial. Determining which, if any, of these often complex grounds are present in a case, and preparing an argument, as required by rule 244, that substantial rights of the litigant have been materially adversely affected would require the skills of an attorney.

Two other reasons support a conclusion that a motion for new trial is inappropriate. First, § 631.7(2), as previously indicated, provides that "[m]otions, except [for] a motion under rule thirty-four (34) of the rules of civil procedure [third party procedure], shall be heard only at the time for a hearing on the merits." By definition there is no way a motion for new trial could be heard at the same time as the hearing on the merits. Finally, the appeal to district court under § 631.13 calls for the case to be examined anew. As the small claims court indicated, this right of appeal otherwise provides essentially the same relief as a new trial.

We hold that a motion for new trial is inappropriate in small claims court. Accordingly, defendant's purported motion was unauthorized and a nullity. As such it did not toll the running of the ten-day period for appeal provided by § 631.13(1), The Code. *Budde v. City Development Board*, 276 N.W.2d 846, 851 (Iowa 1979); *City of Eldridge v. Caterpillar Tractor Co.*, 270 N.W.2d 637, 641 (Iowa 1978).

II. There remains the question of whether the small claims court was able, by its order, to extend the time for filing appeal. It purported to do so, although the order itself was filed 26 days after expiration of the time for appeal under § 631.-13(1). Defendant attempts to justify the extension on the basis of § 631.13(4)(a) which provides in part:

A district judge shall promptly hear the appeal upon the record thus filed without further evidence. *The judge shall decide the appeal without regard to technicalities or defects which have not prejudiced the substantial rights of the parties,* and may affirm, reverse, or modify the judgment, or render judgment as the magistrate should have rendered.

(Emphasis added.) Defendant contends any impropriety of the *sua sponte* extension of time for appeal was a mere technicality. But this rather strained interpretation of the section is diametrically opposed by the express language of § 631.13(1): ". . . No appeal shall be taken after ten days."

We have held that where a procedure is prescribed for review it must be strictly followed in order to confer jurisdiction. *Kerr v. Iowa Public Service Co.*, 274 N.W.2d 283, 287 (Iowa 1979); *Richards v. Iowa State Commerce Com'n*, 270 N.W.2d 616, 619 (Iowa 1978). Plainly, the small claims court had no authority to extend time for perfecting an appeal. *See generally* 4A C.J.S. *Appeal and Error* § 458a(1); 4 Am. Jur.2d *Appeal and Error* § 293; *Annot.*, 149 A.L.R. 740; *Annot.*, 89 A.L.R. 941. Since it initially lacked jurisdiction to extend time for appeal the small claims court could not acquire that authority merely by claiming it after expiration of the appeal time.

Discretionary review by our court, provided by § 631.16, The Code, can only be undertaken following a § 631.13 appeal. *See* Trott, *The New Iowa Rules of Appellate Procedure (1977): A Comparison with Hints for the Practioner* (1977) at p. 139.

The district court was without authority to modify the judgment of the small claims court. The judgment of the district court is reversed and the case remanded for entry of a judgment reinstating the small claims court judgment.

REVERSED AND REMANDED WITH INSTRUCTIONS.