Paul SEVERSON and Zella
Severson, Appellants,

v.

Gary PETERSON and Susan
Peterson, Appellees.

No. 83–1105.

Supreme Court of Iowa.

March 20, 1985.

T.J. Braunschweig, Algona, for appellants.

Rick Potter, Buffalo Center, for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN, and LARSON, JJ.

LARSON, Justice.

This discretionary review raises two issues: First, whether a petition to vacate a judgment under Iowa Rules of Civil Procedure 252 and 253 is available in a small claims action under Iowa Code chapter 631; and second, whether an appellee in a discretionary review may raise other issues by cross-appeal in lieu of a separate application for discretionary review. We hold the petition to vacate is not an available remedy in small claims court and that a discretionary review does permit cross-appealing of other issues. We affirm on both appeals.

The appellants, Paul and Zella Severson, filed a petition in the small claims division of district court against the defendants Peterson, asserting a claim for delinquent rent and damage to real estate. The Peter-

sons counterclaimed against the Seversons for wrongful eviction. The magistrate ruled in the defendants' favor on both issues, concluding that the plaintiffs, who did not appear for the hearing, had failed to prove their claim. The magistrate also held that the Seversons had defaulted on the counterclaim filed against them and entered judgment for the Petersons, as tenants, for wrongful eviction.

The Seversons then filed a petition to vacate the judgment under Iowa Rules of Civil Procedure 252 and 253, asserting they had had no notice of the hearing. The Petersons resisted the motion and submitted a claim for attorneys fees accrued in resisting it. The magistrate concluded that a petition to vacate was not an available proceeding in a small claims court, citing *Barnes Beauty College v. McCoy*, 279 N.W.2d 258 (Iowa 1979), and held it had no authority to entertain the petition. It also denied the Petersons' application for attorneys fees.

Seversons appealed to district court, asserting error in denying the petition to vacate, and the Petersons' cross-appealed on the issue of attorneys fees. The district court judge affirmed both orders. Seversons then applied to this court for discretionary review. Iowa R.App.P. 201. The application was granted.

The Petersons continued to keep the issue of attorneys fees alive by "cross-appealing" to this court. Seversons resisted, arguing that a cross-appeal may not be taken in a discretionary review case and that the only way for this court to review the matter of attorneys fees would be by a separate application for discretionary review. This court denied Seversons' motion to dismiss the cross-appeal and ordered that it be submitted with the main appeal.

### I. *The Petition to Vacate.*

While we have not previously addressed the question whether rules 252 and 253 apply in a small claims action, we have held that there is no procedure in a small claim case for granting a new trial under Iowa Rule of Civil Procedure 244. *See Barnes Beauty College*, 279 N.W.2d at 259–60.

Some of the language of that case is pertinent here:

> For these small claims suits, the legislature thought it was in the public interest to provide a simpler, easier, and less expensive procedure than was afforded in district court under the Rules of Civil Procedure. Under the plan an action can be brought by filing a form provided by the clerk of court. § 631.3. The clerk can help fill out the form. § 631.3(2). According to § 631.7(1) no formal written pleadings or motions are required although the court may allow them.

*Barnes Beauty College*, 279 N.W.2d at 259.

This court in *Barnes Beauty College* also noted that relief was available to a losing party in the form of an appeal to district court. We then noted:

> On the basis of the foregoing we think the legislature's omission of any provision for new trial motions was deliberate. Providing such a motion would be a step toward formalism, expense, and delay in obtaining final judgment. And new trial motions are incompatible with the legislature's desire that any party wishing so could appear without counsel.

*Id.* at 260.

We find these same considerations persuasive here and militate against a recognition by us of a proceeding under rules 252 and 253 for vacation of a judgment in small claims court. No hint is given in chapter 631 of any such post-trial motions. Also, because the grounds for vacation of judgment are fairly complex, recognition of such procedure would almost certainly require the assistance of an attorney, a step toward the formalism sought to be avoided in small claims actions. It could, in effect, make a "federal case" out of a small claims action.

■ The Seversons, however, point to a potential problem involving fraud. They argue that, unless a petition to vacate is permitted in a small claims action, fraud in the judgment may go unremedied. We do not agree. In the first place, no fraud is

alleged here. Moreover, while our holding today prevents the application of rules 252 and 253 in a small claims action, this would not necessarily preclude an independent action if the judgment is actually procured by fraud. There is a uniformly recognized independent action, aside from rule or statutory provisions, for vacation of certain judgments procured by fraud. *See, e.g.,* Restatement (Second) of Judgments §§ 64–68, at 137–75 (1982). *See also Sorenson v. Sorenson,* 254 Iowa 817, 824–25, 119 N.W.2d 129, 133–34 (1963); *City of Chariton v. J.C. Blunk Construction Co.,* 253 Iowa 805, 817–24, 112 N.W.2d 829, 835–39 (1962); 46 Am.Jur.2d *Judgments* § 655, at 810–11 (1969); 49 C.J.S. *"Judgments"* § 269, at 486–89 (1947). In view of this principle, it is not necessary to recognize the statutory petition to vacate in order to avoid the effect of fraud, as contended by the Seversons.

We conclude that the magistrate, and the district court, correctly held that the petition to vacate was not an available proceeding in small claims court.

II. *The Cross-Appeal.*

When this court granted discretionary review, it was on the plaintiffs' application. The defendants' claim of error in connection with the attorneys fees issue was not initially raised. The defendants, however, did raise it by a later cross-appeal brought under Iowa Rule of Appellate Procedure 5(a). Seversons contend that a cross-appeal is not permitted in a discretionary review and that the only means of challenging the order denying attorneys fees would be by a separate application, by the Petersons, for discretionary review of that issue. We do not agree.

While we find no rule specifically on point, we note that, under Iowa Rule of Appellate Procedure 5(a), a cross-appeal is provided for without any indication that it would be less applicable in appeals granted by discretionary order than in those taken as a matter of right. Further, the discretionary review procedures of appellate rule 201 give no indication that a separate application must be filed to raise each issue.

Most importantly, Iowa Rule of Appellate Procedure 203 provides that "[i]f an application for a discretionary review is granted, further proceedings shall be had pursuant to the rules of appellate procedure to the full extent not inconsistent with statute." Under this rule, it is apparent that an appeal on discretionary review will be handled like any other appeal. Presumably, the order granting discretionary review might limit the issues to be considered or otherwise restrict the scope of the appeal, but the order granting discretionary review in this case did not do so.

On the strength of these rules, we believe this court may properly consider the cross-appeal, and the motion to dismiss it should be overruled. We therefore address the issue of attorneys fees claimed by the Petersons for their defense of the unsuccessful petition to vacate in small claims court.

The magistrate pointed out that unless attorneys fees were expressly provided for by statute, or by agreement of the parties, he had no authority to order them. The Petersons argue, however, that, since this is an action under the Iowa Landlord-Tenant Law, Iowa Code chapter 562A, attorneys fees may be permitted. *See* Iowa Code § 562A.12(8) (1983).

The problem with this argument is that this is not actually an action under the landlord-tenant law but one attempted as an independent proceeding under Iowa Rules of Civil Procedure 252 and 253. There is no provision under those rules for attorneys fees. We agree with the magistrate and the district court that there is no authority for allowance of attorneys fees under these circumstances.

We find no reversible error.

Costs shall be taxed one-half to appellants and one-half to appellees.

AFFIRMED ON BOTH APPEALS.