**ITT FINANCIAL SERVICES, Appellee,**

v.

**Teresa ZIMMERMAN and Roger Zimmerman, Appellants.**

No. 89–1790.

Court of Appeals of Iowa.

Oct. 23, 1990.

Joe R. Sevcik of Legal Services Corp. of Iowa, Waterloo, for appellants.

Steven K. Daniels of Mosier, Thomas, Beatty, Dutton, Braun & Staack, Waterloo, for appellee.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

On April 26, 1989, ITT filed an original notice in small claims court demanding judgment of $1,180 against Teresa and Roger Zimmerman based on a personal note signed in 1988. A "Verification of account, identification of judgment debtor, and certificate re military service" was attached to the original notice and signed by Mark Jasperson for ITT. A copy of the promissory note and security agreement was also apparently attached.

On May 23, 1989, a default judgment was entered by the clerk of court in favor of ITT for $1,180. On May 25, 1989, the Zimmermans filed an application to set aside the default judgment. Following a hearing, the small claims court refused to set aside the default judgment. The court found that any flaws in the original notice were insufficient to justify setting aside a default judgment; it further found the Zimmermans failed to show good cause to set aside the default. On appeal, the district court again denied the Zimmermans' request to set aside the default. On December 20, 1989, the supreme court granted the Zimmermans' application for discretionary review. The case was then transferred to this court.

The Zimmermans contend the lower courts erred in determining the default judgment should not be set aside because ITT's original notice, complaint, and proof failed to meet the requirements of either Iowa Code section 537.5114(1) or section 537.5114(2). We agree and therefore reverse and remand.

Iowa Rule of Appellate Procedure 203 states, "If an application for discretionary review is granted, further proceedings shall be had pursuant to the Rules of Appellate Procedure to the full extent not inconsistent with statute." Here, the claim was in the nature of an action at law for damages; the decision is reviewable by this court on error under Rule of Appellate Procedure 4. *See also Raverby v. United*

*Airlines, Inc.,* 293 N.W.2d 260, 263 (Iowa 1980).

The Zimmermans challenge the refusal to set aside the default judgment on two grounds. First, because ITT failed to allege in its original notice the facts of the Zimmermans' default and an indication of how ITT arrived at the amount to which it claims to be entitled as required by Iowa Code section 537.5114(1) (1989), the original notice served upon the Zimmermans was deficient as a matter of law and did not invoke the authority of the small claims court to hear and determine the case. Second, the Iowa Consumer Credit Code specifically prohibits a default judgment from being entered unless certain proof is presented to the court. The Zimmermans contend ITT failed to comply with section 537.5114(2) and no default judgment could be entered in favor of the creditor under these circumstances.

■ We first point out the issue here is not whether the original notice was sufficient in the sense addressed in cases heard in the district courts. *See e.g., Holmes v. Polk City Savings Bank,* 278 N.W.2d 32 (Iowa 1979). In such cases, a petition is also filed and served and the sufficiency of the original notice is governed solely by Iowa Rule of Civil Procedure 49(a). That rule states in pertinent part:

> The original notice shall contain the name of the court and the names of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which these rules require the defendant to serve, and within a reasonable time thereafter file, a motion or answer, and shall notify the defendant that in case of the defendant's failure to do so, judgment by default will be rendered against the defendant for the relief demanded in the petition. Except in small claims and cases involving only liquidated damages, the original notice shall not state the amount of any money damages claimed.

When the jurisdiction of the district court is challenged due to defects in the original notice, and only rule 49 is applicable, the questions presented are whether any flaw in the notice amounts to a "substantial defect" or to a "mere irregularity," *Holmes,* 278 N.W.2d at 34, and whether the defendant has been prejudiced by the defect. *Id.* at 35. There is no doubt the original notice filed in this case fully satisfies rule 49.

■ However, in cases filed in small claims court the original notice also serves as the plaintiff's petition and includes the allegations of the plaintiff's claim against the defendant. *See* Iowa Code §§ 631.-3, .15. Section 631.15 requires the supreme court to prescribe standard and exclusive forms of pleadings to be used in small claims. The form prescribed for actions for a money judgment provides space for plaintiff to "state briefly the basis for the demand." In this space on ITT's original notice was written, "personal note signed 11/22/88." ITT argues nothing else was required. We disagree.

ITT's action against the Zimmermans is one brought by a creditor against a consumer arising from a consumer credit transaction. This action is therefore subject to the provisions of the Iowa Consumer Credit Code (ICCC). Chapter 537.1101 et seq. Article 5 of the ICCC, Part 1, is entitled "Limitations on Creditors' Remedies" and "applies to actions or other proceedings to enforce rights arising from consumer credit transactions ..." § 537.5102. We do not believe the forum in which the action is brought alters ITT's obligations under the ICCC; nothing in Chapter 631 relating to small claims leads us to a different conclusion and, in fact, section 631.11(4) reads: "Judgment shall be rendered, based upon applicable law ..."

> Section 537.5114(1) of the ICCC states: In an action brought by a creditor against a consumer arising from a consumer credit transaction, the complaint shall allege the facts of the consumer's default, the amount to which the creditor is entitled, and an indication of how that amount was determined.

Under subsection 1, ITT's complaint, as asserted in the small claims original notice, was required at a minimum to allege (1) the

facts of the Zimmermans' default, *see* § 537.5109 (defining "default"), (2) the amount to which ITT was entitled, and (3) an indication of how that amount was determined. ITT's complaint is wholly devoid of the facts of the Zimmermans' default and of any indication of how the amount, $1,180, was determined. Even if we consider the additional documents filed with the small claims court, these necessary allegations are absent.

■ The Zimmermans sought to set aside the default judgment arguing the deficiencies of ITT's original notice deprived the small claims court of jurisdiction and rendered the default judgment void. We interpret the Zimmermans' contention as a challenge to the authority of the court to hear this particular case, rather than a challenge to the subject matter jurisdiction of the small claims court. *See Christie v. Rolscreen Co.*, 448 N.W.2d 447, 450–51 (Iowa 1989). The Zimmermans' contention has merit if section 537.5114 contains statutory procedures necessary to invoke the authority of the court to hear and determine a case. If the section does contain such necessary procedures, the issue of sufficiency of the complaint can be raised at any time and cannot be waived. *See id.* at 450.

In *Lloyd's Plan, Inc. v. Brown*, 268 N.W.2d 192, 193–94 (Iowa 1978), our supreme court rejected a defendant's challenge to the contents of a consumer creditor's pleadings. The court found the defendant had waived the issue of the sufficiency of the pleadings by failing to raise it in the district court. Implicit in this finding of waiver is the conclusion that the section 537.5114 pleading requirements are not procedures necessary to invoke the authority of the court. Therefore, the small claims court in this case did not err in refusing to set aside the default judgment on this ground.

■ But, this conclusion does not end our inquiry. The Zimmermans also contend the default judgment was improperly entered because ITT did not comply with section 537.5114(2). Section 537.5114(2) reads:

No default judgment shall be entered in the action in favor of the creditor unless the complaint is verified by the creditor, or unless sworn testimony, by affidavit or otherwise, is adduced showing that the creditor is entitled to the relief demanded.

The Zimmermans contend the provision requires a creditor to provide a court with enough information to compute the amount to which the creditor claims to be entitled. ITT appears to argue the provision only requires a sworn statement by creditor demanding a particular sum.

The language of subsection 2, in conjunction with subsection 1, leads us to believe a court must be able to compute the amount the creditor claims it is owed. The ability to compute the amount of the debt assures the court the creditor is not taking unfair advantage of a consumer who fails to appear and defend for whatever reason, and furthers a stated purpose of the ICCC. The information included on a verified complaint, if it includes the information required by subsection 1, would allow a court to make this computation. Therefore, we believe "complaint" as used in subsection 2 must be read as a complaint meeting the requirements of subsection 1 of section 537.5114. Sworn testimony adduced at trial showing that a creditor is entitled to the relief demanded would also allow this computation. We hold, in cases governed by the ICCC, "no default judgment shall be entered in an action in favor of the creditor" unless a court is provided with information sufficient to compute the amount to which the creditor claims to be entitled. The information must be included in a verified complaint or in sworn testimony.

ITT's complaint is not verified, nor does it contain an indication of how the creditor's claimed amount was determined. Furthermore, the additional documents filed in the small claims court do not provide sufficient information from which the court could compute the amount to which the creditor claims to be entitled. The small claims court exceeded its authority in entering a default judgment in favor of the

creditor, ITT, because ITT failed to show it was entitled to the relief demanded. The Zimmermans' timely motion to set aside the default should have been sustained.

For the foregoing reasons, the decision of the district court is vacated and the case is remanded to the small claims court with directions to set aside the default judgment and for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.