**STATE of Iowa and Iowa Department of Transportation, Plaintiffs,**

v.

**IOWA DISTRICT COURT FOR BLACK HAWK COUNTY, Defendant.**

**No. 92–1094.**

Supreme Court of Iowa.

July 21, 1993.

Bonnie J. Campbell, Atty. Gen., Carolyn E. Olsen and Stephen E. Reno, Asst. Attys. Gen., and Linda A. Hall, Asst. County Atty., for plaintiffs.

Craig C. Ament of Olsen, Parsons & Ament, Cedar Falls, for defendant.

Considered by McGIVERIN, C.J., and SCHULTZ, LAVORATO, NEUMAN and ANDREASEN, JJ.

ANDREASEN, Justice.

This is a certiorari action brought by the Iowa Department of Transportation (DOT) arising from a June 15, 1992 order of the Black Hawk County District Court. The court ordered that Warren Bellinger, whose license had been revoked, shall have the right to apply to the DOT for restoration of his license to drive. Finding the district court has no authority to permit the restoration of the revoked license, we sustain the writ.

### I. *Background.*

On November 8, 1988, Bellinger was charged with the crime of homicide by vehicle in violation of Iowa Code section 707.-6A(1) (1987). A jury found him guilty of the charge. On March 21, 1990, the court sentenced Bellinger to a five-year suspended sentence. As part of the sentence, the court directed the Iowa Department of Public Safety (now DOT) to revoke Bellinger's motor vehicle license for a period of six years pursuant to Iowa Code section 321J.4(5) (1989), having found that the death involved was caused by violation of section 321J.2. Bellinger did not appeal.

On May 4, 1992, Bellinger filed an application for restoration of eligibility to operate a motor vehicle. This application was resisted by the DOT. After hearing, the court on June 15, 1992, ordered that Bellinger have the right to apply for restoration of his license; in effect lifting the six-year revocation. The court found that the habitual offender provisions, §§ 321.555–.562, and the revocation provision, § 321J.4(5), "cannot properly be reconciled without allowing the Defendant to have the right to apply for reinstatement of his license after two years." Thereafter, the DOT filed petition for writ of certiorari and motion to stay. We granted the petition and ordered a stay upon the proceedings.

### II. *Scope of Review.*

Certiorari is appropriate when a trial court is alleged to have exceeded its jurisdiction or to have acted illegally. *State v. Iowa Dist. Court,* 419 N.W.2d 398, 398–99 (Iowa 1988). Our review of the district court action is for the correction of errors at law. *Id.* at 399.

### III. *Discussion.*

The sole issue on appeal is whether the district court had the authority to order the restoration of Bellinger's license two years after his license was revoked pursuant to Iowa Code section 321J.4(5).

Iowa Code section 321J.4(5) clearly and unambiguously required Bellinger's license to be revoked for a six-year period:

Upon a plea or verdict of guilty of a violation of section 321J.2 which involved a death, the court shall determine in open court, from consideration of the information in the file and any other evidence the parties may submit, whether a death occurred and, if so, whether the defendant's conduct in violation of section 321J.2 caused the death. If the court so determines, the court shall order the department to revoke the defendant's motor vehicle license ... for a period of six years.

The trial court found that Bellinger caused a death by violating section 321J.2 and properly ordered his license revoked for six years.

The language of section 321J.4(5) expressly states the legislative intent to require a six-year revocation without the possibility of restoration when the defendant caused a death by violating section 321J.2. Had the legislature intended restoration it could have easily so provided. Restoration is provided for in other provisions of chapter 321J. *See* Iowa Code § 321J.4(3)(b) (court ordered restoration of license if certain specific conditions are met), Iowa Code § 321J.4(7)–(8) (restoration upon installation of ignition interlock device).

Legislative intent is expressed by omission as well as by inclusion. *See Barnes v. Iowa Dep't of Transp.*, 385 N.W.2d 260, 263 (Iowa 1986). The inclusion of license restoration provisions in some subsections of section 321J.4, but not in subsection (5), demonstrates the legislative intent to prohibit restoration of licenses revoked under section 321J.4(5).

Iowa Code sections 321.555 through 321.562 comprise Iowa's Motor Vehicle Habitual Offender law. It allows the director of the DOT to certify abstracts of conviction of any person who appears to be a habitual offender to the county attorney of the county in which such person resides or to the attorney general if such person is not a resident of this state. Iowa Code § 321.556. The county attorney or attorney general shall file a petition requesting the court to determine whether or not the person is a habitual offender. *Id.* If the

court finds the person is a habitual offender, the court shall by appropriate judgment direct that such person not operate a motor vehicle on the highways of this state for the period specified in section 321.560. Section 321.560 requires revocation for a period of not less than two years nor more than six years for one declared to be a habitual offender under section 321.555, subsection 1, and revocation for a period of not less than one year nor more than six years for one declared to be a habitual offender under section 321.555, subsection 2. Punishment as a habitual offender is a separate and distinct punishment that may be imposed in addition to the punishment for an underlying offense if the criteria for the habitual offender statute are met.

The district court erred in looking to sections 321.555 through 321.562 and trying to reconcile them with section 321J.4(5). The district court overlooked the clearly expressed legislative intent and read into section 321J.4(5) a benefit that does not exist. *See State v. West*, 446 N.W.2d 777, 778 (Iowa 1989). For these reasons, we sustain the writ of certiorari.

**WRIT SUSTAINED.**