Jim SCHROCK and McAninch Corporation, Plaintiffs,

v.

IOWA DISTRICT COURT FOR POLK COUNTY, Defendant.

No. 94–1469.

Supreme Court of Iowa.

Dec. 20, 1995.

Michael D. Huppert of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for plaintiffs.

Christopher D. Spaulding and Richard R. Schmidt, Des Moines, for defendant.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

Jim Schrock and McAninch Corporation (defendants in the underlying action) brought this original writ of certiorari challenging the small claims court's action in setting aside a judgment entered against them in small claims court. They maintain the court exceeded its jurisdiction in addressing a posttrial motion and improperly applied Iowa Rules of Civil Procedure 256 and 257 in setting aside the judgment. We sustain the writ.

---

1. In a letter dated July 11, 1994, plaintiffs offered to settle Brandon's claim for $16,429.93, an amount which included medical bills, loss of

*I. Background Facts and Proceedings.*

On July 12, 1994, Judy Brandon brought a small claims action against Schrock and McAninch (hereinafter plaintiffs) demanding damages in the amount of $3000 for medical bills arising out of an automobile accident. On August 3, 1994, plaintiffs filed a confession of judgment in which they acknowledged they owed Brandon the damages pled in her petition, interest accrued, and costs of the action. An ex parte judgment for this amount was entered on August 3, 1994.

On August 15, 1994, Brandon filed a motion to set aside the judgment pursuant to Iowa Rules of Civil Procedure 256 and 257. Brandon alleged that if the judgment were not set aside serious inequity would result because plaintiffs could assert res judicata on her remaining claims of damages which she intended to pursue in the district court.[1]

Following a hearing, the district associate judge, sitting in small claims court, granted Brandon's motion to set aside judgment. It found the procedures governing offers to confess judgment set forth in Iowa Code chapter 677 were not followed by the small claims court and if "judgment in this case were allowed, it would cause plaintiff to waive additional claims of damages alleged to have been caused by Defendant[s] [now plaintiffs]."

We granted plaintiffs' petition for writ of certiorari.

*II. Scope of Review.*

■ Certiorari is appropriate when the district court is alleged to have exceeded its jurisdiction or to have acted illegally. *State v. Iowa Dist. Court,* 503 N.W.2d 411, 413 (Iowa 1993). Our review of the district court's action is for errors at law. *Id.*

*III. Jurisdiction of Small Claims Court to Consider Rules 256 and 257 Posttrial Motions.*

■ Plaintiffs argue the district associate judge sitting in small claims court acted illegally in setting aside the judgment. They

wages, as well as inconvenience, pain and suffering.

maintain Iowa Code section 631.7(2) (1993) restricts the small claims court from hearing posttrial motions; therefore, the court exceeded its jurisdiction in addressing Brandon's motion to set aside judgment. They further argue that even if the small claims court had jurisdiction to consider the posttrial motion, it acted illegally in setting aside the judgment because it did not properly apply rules 256 and 257.

Iowa Code chapter 631 governs small claims actions. Section 631.7(2) provides: "[m]otions, except a motion under rule 34 of rules of civil procedure, shall be heard only at the time set for a hearing on the merits." We have found the small claims court does not have jurisdiction to consider a motion for new trial pursuant to Iowa Rule of Civil Procedure 244, *see Barnes Beauty College v. McCoy*, 279 N.W.2d 258, 260 (Iowa 1979), or a motion for vacation of judgment pursuant to rules 252 and 253, *see Severson v. Peterson*, 364 N.W.2d 212, 213 (Iowa 1985). Similarly, we have held there is no provision for posttrial motions on appeal from a small claims court judgment. *See Midwest Recovery Serv. v. Cooper*, 465 N.W.2d 855, 857 (Iowa 1991).

Brandon distinguishes *Barnes, Severson* and *Midwest Recovery Services* on the basis that there were trials in each of these cases. She maintains that because she she did not receive a trial, she could not appeal to the district court pursuant to section 631.13. We do not believe a trial is a prerequisite to an appeal pursuant to section 631.13. Indeed, section 631.13(1) provides "[a]n appeal from a *judgment* in small claims may be taken by any party...." (Emphasis added.) Moreover, we decline to distinguish the propriety of small claims court posttrial motions on the basis of whether or not there was a trial.

Brandon further contends she had no grounds to appeal, pursuant to section 631.13, a decision that awarded her everything allowable by the court's jurisdiction. However, whether or not *Brandon* had grounds to appeal should not affect the analysis of whether the small claims court had jurisdiction to consider the particular posttrial motion.

In *Barnes* we cited three reasons for our conclusion that a motion for new trial is "inappropriate in small claims court." *Barnes,* 279 N.W.2d at 260. First, "providing such a motion would be a step toward formalism, expense, and delay in obtaining final judgment." *Id.* Second, "by definition there is no way a motion for new trial could be heard at the same time as a hearing on the merits" pursuant to section 631.7(2). *Id.* Third, the right of appeal pursuant to section 631.13 "provides essentially the same relief as a new trial." *Id.*

We conclude the small claims court did not have jurisdiction to consider and rule on Brandon's posttrial motion. As we explained in *Barnes,* providing for such motions would be a step toward formalism, expense and delay in obtaining a final judgment. Moreover, both rules 256 and 257, like rule 244, by definition cannot be heard at the time of trial on the merits. Finally, a party could obtain the same relief sought in a rule 256 and 257 motion by appealing to the district court pursuant to section 631.13.

Because we conclude that the small claims court had no jurisdiction to consider Brandon's posttrial motion, we need not determine whether the court properly applied Iowa Rules of Civil Procedure 256 and 257.

*IV. Conclusion.*

We find the small claims court exceeded its jurisdiction in setting aside the judgment pursuant to a rule 256 or 257 posttrial motion. Accordingly, we sustain plaintiffs' writ of certiorari.

**WRIT SUSTAINED.**