# IN THE SUPREME COURT OF IOWA

No. 08–0427

Filed September 25, 2009

**GE MONEY BANK,**

Appellee,

vs.

**MARIA MORALES,**

Appellant.

Appeal from the Iowa District Court for Woodbury County, Steven J. Andreasen, Judge.

On discretionary review, a debtor appeals the district court's affirmance of a judgment entered in a small claims proceeding. **AFFIRMED.**

William J. Niebel of Iowa Legal Aid, Sioux City, for appellant.

Timothy J. Van Vliet of Wetsch & Abbott, P.L.C., Des Moines, for appellee.

**WIGGINS, Justice.**

A debtor appeals a judgment entered against her on a credit card account in a small claims proceeding. The district court affirmed the judgment on appeal. On discretionary review, we find the small claims court correctly considered the billing statements faxed to the court on the morning of the proceeding in making its decision. Accordingly, we affirm the judgment of the district court affirming the judgment in the small claims proceeding.

## I. Background Facts and Proceedings.

GE Money Bank commenced a small claims action against Maria Morales by filing its original notice. The bank claimed Morales owed a balance on a store credit card for $2,084.76. At the same time the bank filed its original notice, it filed a verified account. Morales filed her answer, denying the claim. The clerk set the matter for trial on September 24, 2007.

On the morning of the trial, the bank's attorney sent a letter by fax informing the judge it would be appearing at the trial by the verified account. The bank's attorney attached Morales's credit card billing statements to his letter.

At the trial, the bank appeared by the verified account and Morales appeared by her attorney. Neither party appeared in person. Morales's attorney moved for a dismissal stating the verified account did not meet the bank's burden of proof and the billing statements were inadmissible because they lacked foundation and were hearsay. The court found it could admit the billing statements to prove the bank's claim. Further, the court entered judgment in the bank's favor for the amount claimed because there was no evidence in the record to contradict the amount claimed by the bank.

Morales appealed to the district court. In the appeal, she argued the billing statements were not admissible because, without the proper foundation, they were hearsay and the verified account was not enough to satisfy the plaintiff's burden of proof in this case.

The district court stated the verified account alone did not satisfy the plaintiff's burden of proof; however, the affidavit included in the verified account provided sufficient evidence to establish the foundation for the admissibility of the billing statements and proof of the claim. The district court affirmed the judgment.

Morales applied for discretionary review, and we granted the application.

**II. Issues.**

In this appeal, we must determine whether the verified account constituted the bank's appearance at the small claims trial and if the court correctly admitted the billing statements.

**III. Scope of Review.**

In a discretionary review of a small claims decision, the nature of the case determines the standard of review. *Midwest Check Cashing, Inc. v. Richey*, 728 N.W.2d 396, 399 (Iowa 2007). Small claims actions that are tried at law are reviewed for correction of errors at law. *Conkey v. Hoak Motors, Inc.*, 637 N.W.2d 170, 172 (Iowa 2001). A review of statutory construction is at law. *Rowan v. Everhard*, 554 N.W.2d 548, 549 (Iowa 1996). We are bound, however, by a court's finding of fact if supported by substantial evidence. *Barnhill v. Iowa Dist. Ct.*, 765 N.W.2d 267, 272 (Iowa 2009).

In this discretionary review, we must also decide an issue of the admissibility of evidence. Normally, rulings on admissibility of evidence are reviewed for an abuse of discretion. *State v. Helmers*, 753 N.W.2d

565, 567 (Iowa 2008). However, a ruling on hearsay, despite being an admissibility-of-evidence issue, is reviewed for errors at law. *State v. Reynolds*, 746 N.W.2d 837, 841 (Iowa 2008).

## IV. The Effect of a Plaintiff Filing a Verified Account.

The Code refers to a verified account only one time in chapter 631. Iowa Code § 631.10 (2007). It provides:

> Unless good cause to the contrary is shown, if the parties fail to appear at the time of hearing the claim shall be dismissed without prejudice by the court; if the plaintiff fails to appear but the defendant appears, the claim shall be dismissed with prejudice by the court with costs assessed to the plaintiff; and if the plaintiff appears but the defendant fails to appear, judgment may be rendered against the defendant by the court. The filing by the plaintiff of a verified account, or an instrument in writing for the payment of money with an affidavit the same is genuine, shall constitute an appearance by plaintiff for the purpose of this section.

*Id.* Morales argues the last sentence of the statute only applies when both the plaintiff and the defendant fail to appear. We disagree with Morales's contention.

Iowa Code section 631.10 explicitly states that a plaintiff who files a verified account has appeared for the purposes of "this section." *Id.* This all-encompassing statement does not differentiate based on the appearance of the defendant. *Id.* The legislature designed the trial to be simple and informal. *Id.* § 631.11(1). The legislature intended small claims suits to be simpler, easier, and less expensive than a district court action. *Barnes Beauty Coll. v. McCoy*, 279 N.W.2d 258, 259 (Iowa 1979). Based on a plain reading of the statute and the legislative intent underlying small claims actions, we conclude when a plaintiff files a verified account under section 631.10, the court must consider the verified account as if the plaintiff appeared personally at the trial and

deem the matters presented in the verification as evidence offered by the plaintiff. If the defendant fails to appear at the trial and the evidence presented in the verified account substantiates the plaintiff's claim, the court should enter judgment against the defendant. Iowa Code § 631.10; *see also ITT Fin. Servs. v. Zimmerman*, 464 N.W.2d 486, 489–90 (Iowa Ct. App. 1990) (holding the original notice and verified account did not substantiate plaintiff's claim and was insufficient for the court to enter a default judgment against the plaintiffs). If the defendant does appear at the trial, the court must then exercise its function as the trier of fact by weighing the evidence contained in the verified account and any evidence produced at trial, and render its verdict upon the "applicable law and upon a preponderance of the evidence." Iowa Code § 631.11(4).

**V. Admissibility of the Faxed Billing Statements under the Iowa Rules of Evidence.**

The district court affirmed the small claims court's decision finding the billing statements admissible. The district court found the billing statements admissible on the basis of the business record exception to the hearsay rule, concluding the verified account established the necessary foundation to admit the statements as business records. Morales contends the bank failed to establish the proper foundation and the billing statements were hearsay. The bank answers this contention by first arguing the statements are not hearsay. The bank next argues that the verified account lays the foundation for the admissibility of the statements. Finally, the bank claims, even if the rules of evidence are applicable in a small claims proceeding, the court should apply the hearsay rules less rigidly in the context of a small claims proceeding.

**A. Whether the Billing Statements are Hearsay.** The bank first argues that the billing statements are not hearsay because a fully

automated and reliable process, not involving any statements by a declarant, created the statements. It is true that some courts have held self-generated computer records are not hearsay at all. 2 Kenneth S. Broun, *McCormick on Evidence* § 294, at 326 n.21 (6th ed. 2006) [hereinafter *McCormick on Evidence*]; *see Reynolds*, 746 N.W.2d at 843 (discussing some courts' holdings that self-generated computer records are not hearsay). An example of such a record is a record made by an electronic device placed on a phone line known as a "trap" whereby a computer automatically records the telephone numbers of calls made to the "trapped" phone. *People v. Holowko*, 486 N.E.2d 877, 877 (Ill. 1985). These records are not hearsay because such records are not the counterpart of a statement by a human declarant who litigants can test the reliability of through cross-examination. 2 *McCormick on Evidence* § 294, at 326. Rather, the admissibility of these records is determined by an evaluation of the reliability and accuracy of the process involved in making the record. *Id.*

There was no evidence introduced in this case showing that the billing statements are self-generated computer records. *See* William Andrew McNeal, *Admissibility of Credit Card Account Statements*, Am. Bankr. Inst. J., July–Aug. 2007, at 12, 12 (arguing credit card purchases are self-generated computer records). To the contrary, the bank in its verified account states that individuals with personal knowledge gained from examining the account documentation make entries that form the computer records of the bank. Thus under this record, any computerized records of the bank are computer-stored data rather than computer-generated data. *See State v. Armstead*, 432 So. 2d 837, 839–40 & n.3 (La. 1983) (discussing the distinction between computer-stored data, which is hearsay and computer-generated data, which is not

hearsay). We conclude, therefore, that the court properly found the billing statements constitute hearsay.

**B. Whether the Verified Account Establishes the Foundation for the Admissibility of the Billing Statements as Business Records.**

The bank next argues the verified account established the foundation for the admissibility of the billing statements as business records. Hearsay is an out-of-court statement offered in court by a person other than the declarant to prove the truth of the matter asserted. Iowa R. Evid. 5.801(*c*). The hearsay rule is based on the premise that out-of-court statements can be unreliable because the declarant (1) may not be telling the truth, (2) may have wrongly perceived the events, (3) may have an imperfect memory, or (4) may have conveyed an unintended meaning to the listener. *Williamson v. United States*, 512 U.S. 594, 598, 114 S. Ct. 2431, 2434, 129 L. Ed. 2d 476, 482 (1994). In-court statements minimize these dangers by requiring a witness to testify under oath in the presence of the fact finder and be subject to cross-examination. *Id.*

Nonetheless, the law permits the introduction of out-of-court statements in a large number of circumstances even though the declarant is not subject to cross-examination. *See* Iowa Rs. Evid. 5.803, 5.804 (setting forth exceptions to the hearsay rule). These exceptions are justified because the nature of the excepted hearsay statement carries some indication of reliability. Business records are one of the recognized exceptions. *Id.* r. 5.803(6). A business record is admissible if it can be shown it was

> made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and the regular practice of that business activity was to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified

witness, or by certification that complies with rule 5.902(11), rule 5.902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

*Id.*

In this small claims proceeding, the bank appeared by verified account. The bank filed the verified account on August 3. It offered the billing statements on September 24. The bank argues the verified account provides the proper foundation for the admissibility of the statements as a business record under rule 5.803(6). We disagree.

The bank filed the billing statements after it filed the verified account. There is nothing in the verified account referencing the billing statements submitted on September 24. Consequently, we cannot relate the business practices of the bank in keeping its records as outlined in the verified account to the billing statements filed on September 24. Without a nexus between the verified account and the statements, the billing statements lack the proper foundation to be admissible as business records under rule 5.803(6).

**C. Whether the Court Should Strictly Apply the Hearsay Rules in a Small Claims Proceeding.** Finally, the bank argues even if the rules of evidence regarding hearsay are applicable in a small claims proceeding, the court should apply the hearsay rules less rigidly in the context of such a proceeding. The rules of evidence have their own scope and applicability clauses. The rules govern proceedings in all the courts in this state to the extent and with the exceptions stated in rule 5.1101. *Id.* r. 5.1101. Rule 5.1101 states, "[t]hese rules apply in all proceedings in the courts of this state, including proceedings before magistrates and court-appointed referees and masters, except as otherwise provided by rules of the Iowa Supreme Court." *Id.* r. 5.1101(*a*).

On the other hand, the legislature has declared that a small claims proceeding is to be "simple and informal, and shall be conducted by the court itself, without regard to technicalities of procedure." Iowa Code § 631.11(1). We have found the intent of this statute is "to provide a simple, informal, and inexpensive procedure for the trial of a small claim in a trial conducted by the court itself without regard to technicalities of procedure." *Lau v. City of Oelwein*, 336 N.W.2d 202, 203 (Iowa 1983). We have used this statute to exclude certain rules of civil procedure from small claims proceedings. *See, e.g.*, *Midwest Recovery Servs. v. Cooper*, 465 N.W.2d 855, 857 (Iowa 1991) (holding Iowa Code section 631.13, which is now section 631.7, contains no provision for posttrial motions on appeal from a small claims court judgment).

In regards to the presentation of evidence at the hearing, the legislature has said,

> [t]he court shall swear the parties and their witnesses, and examine them in such a way as to bring out the truth. The parties may participate, either personally or by attorney. The court may continue the hearing from time to time and may amend new or amended pleadings, if justice requires.

Iowa Code § 631.11(2). This statute confirms that the legislature intended a small claims proceeding to be a simple and informal search for the truth.

Although the rules of evidence concerning hearsay generally apply in a small claims proceeding, we conclude the presiding judicial officer should not require the strict enforcement of the hearsay rule. Less formality in a small claims proceeding includes a less rule-bound approach to the conduct of the trial. To require a party to bring in additional witnesses to testify upon matters not necessary for the resolution of the case would be contrary to the policies of speedy and

economical justice in a small claims proceeding. When dealing with hearsay, the judge should not use the technical requirements of the rules of evidence to exclude evidence that the judge finds reliable. Rather, the judge, in his or her function as the trier of fact, should scrutinize the evidence to determine its reliability when deciding the case. *See* Iowa Code § 631.11(4) (stating the judgment in a small claims proceeding "shall be rendered, based on the applicable law and upon a preponderance of evidence").

In determining whether hearsay evidence is reliable, the court should determine whether the evidence is the kind of evidence that reasonably prudent persons are accustomed to rely on for the conduct of their serious affairs. *See* Iowa Code § 17A.14(1) (establishing the same standard for the admissibility of evidence in a contested case tried under the administrative procedure act). This test strikes the proper balance between the legislative intent, that small claims proceedings are to be simple and informal, and the purpose behind the hearsay rule, to prevent unreliable evidence from influencing the decision of the fact finder.

Applying this test to the billing statements, we find these statements are the kind of evidence that reasonably prudent persons are accustomed to rely on for the conduct of their serious affairs. The statements are addressed to Morales. They contain the trademarked logo of the company. They also include the itemized charges for each month. Any person receiving such statements would consider them genuine and take some action in response to receiving them. Therefore, the court correctly considered the billing statements.

**VI. Conclusion and Disposition.**

Morales did not personally appear at the trial. Her attorney offered no evidence to rebut the statements contained in the verified account and the billing statements. Based on the record made at the small claims trial there is no doubt the uncontroverted evidence in the form of the verified account and billing statements constitutes substantial evidence to support the entry of a judgment against Morales.[1] Accordingly, we affirm the decision of the district court affirming the judgment of the small claims court.

**AFFIRMED.**

---

[1]The bank never argued that it could prevail on the verified account alone. The verified account is not a part of the original notice under Iowa Code section 631.3, but rather a separate document filed in lieu of the plaintiff's appearance. Iowa Code § 631.10. The denial of the claim filed under section 631.5 only denies the allegations made by the plaintiff in the original notice. As we said in division IV of this opinion, when filed, the court should consider the verified account as evidence proffered by the plaintiff. The bank concedes it did not argue that it could prevail solely on the verified account; therefore, we will not reach this issue on appeal.