# IN THE COURT OF APPEALS OF IOWA

No. 18-1265
Filed October 23, 2019

**ROBERT CLAUSS,**
     Plaintiff-Appellee,

**vs.**

**LAIDLAW & COMPANY UK LTD,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Gregory D. Brandt, District Associate Judge.

Upon discretionary review, defendant Laidlaw & Company UK LTD appeals the district court's ruling affirming the small claims court magistrate's ruling denying defendant's motion to set aside the small claims judgment. **AFFIRMED.**

Nathan Vos of Vos Law Firm, PLC, West Des Moines, for appellant.

David A. Morse of Law Offices of David A. Morse, Des Moines, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Doyle, JJ.

**DOYLE, Judge.**

Upon discretionary review, defendant Laidlaw & Company UK LTD appeals the district court's ruling affirming the small claims court magistrate's ruling denying defendant's motion to set aside the small claims judgment. We affirm the entry of the small claims court's judgment for plaintiff Robert Clauss.

### I. Background Facts and Proceedings.

In December 2017, Robert Clauss brought a small claims suit against Laidlaw & Company (UK) LTD ("Laidlaw"). Clauss alleged Laidlaw or its agents made three unsolicited sales calls to his number registered on the Do Not Call List, and he requested damages in the amount of $4500 plus court costs. Clauss filed several documents along with the petition, including a "Verification of Account, Identification of Judgment Debtor, and Certificate Re Military Service," affirming he was the party filing the petition and "the sum of $4500 is the balance due and owing." Clauss also filed a document supporting his assertion that his number had been registered on the National Do Not Call Registry since 2003 and his affidavit setting forth details of calls he claimed to have receive from Laidlaw. His affidavit further stated:

> Based upon the multiple calls received from [Laidlaw] and/or its agents, I can only conclude that [Laidlaw's] violations of the Do Not Call Registry were willful and intentional as well as in disregard of the protections to be afforded me by registering my telephone number on the Do Not Call Registry.

Proof of service was made on December 21, 2017 by the Iowa Secretary of State under Iowa Code section 617.3 (2017).

On February 16, 2018, Laidlaw filed its appearance and answer denying Clauss's claims, using small claims eForm 3.11. *See* Iowa Ct. R. 3.11; *see also*

Iowa Code § 631.15 ("The supreme court shall prescribe standard forms of pleadings to be used in small claims actions. Standard forms promulgated by the supreme court shall be the exclusive forms used."). It also submitted and filed a letter to the court, seeming to assert some affirmative defenses. The letter also claimed Clauss had filed two actions against it and asked the court to dismiss one of the actions.

After receiving Laidlaw's answer, a hearing was set for March 7, 2018. There is no dispute Laidlaw received notice of the hearing.

That hearing took place as scheduled March 7, 2018, before a magistrate. Laidlaw failed to appear for trial. The magistrate entered judgment for Clauss against Laidlaw in the amount of $4500 plus interest and court costs. The magistrate's order stated Laidlaw "failed to appear for trial . . . after receiving proper notice. Pursuant to Iowa Code section 631.10 (2017), judgment may be rendered [Laidlaw] by the court. [Clauss] established cause of action and proof of damages on record."

On March 16, 2018, Laidlaw filed a notice of appeal using small claims eForm 3.26, "Notice of Appeal." *See* Iowa Ct. R. 3.26. On the line where the appellant is to provide the reason for "appealing this decision," Laidlaw stated:

> Laidlaw's failure to appear was an inadvertent calendaring error and unintentional. We submitted an Answer in both small claims proceedings, which were based on the same set of facts brought by [Clauss], and respectfully request a hearing on the merits. We fully intend to appear on any new hearing date. Alex Shtaynberger will be representing [Laidlaw] at the hearing.

Upon receiving Laidlaw's "Notice of Appeal," a district associate judge deemed Laidlaw's notice "a motion to set aside default" and set the matter for

hearing. Both parties, now represented by counsel, briefed the matter. Following the hearing, a magistrate denied Laidlaw's motion to set aside the judgment.

On May 16, 2018, Laidlaw filed another notice of appeal appealing "the judgment denying its motion to set aside default entered on [April 26, 2018]." Laidlaw argued it "satisfied the factors for a finding of excusable neglect" and thus had good cause to set aside the default. After a hearing, the district court denied Laidlaw's appeal.

On Laidlaw's application, the Iowa Supreme Court granted discretionary review. The supreme court then transferred the matter to this court for resolution.

## II. Discussion.

Laidlaw sets out the following statement of the case in its appellate brief:

> This is an appeal from a . . . denial of a motion to set aside a default judgment. The default judgment included punitive damages. In contradiction to Iowa's long standing "preference to litigate disputes on the merits" the small claims court denied and the district court affirmed, Laidlaw's motion to set aside default judgment. . . .
> [Laidlaw] wants to have its day in court to contest the allegations made by . . . Clauss, . . . and it was robbed of its opportunity to do so. If the lower court's decision is allowed to stand, confusion will be brought to . . . "excusable neglect" test and its requirement that there be substantial evidence the defaulting party intentionally or willfully disregarded our rules of civil procedure.

"In a discretionary review of a small claims decision, the nature of the case determines the standard of review." *GE Money Bank v. Morales*, 773 N.W.2d 533, 536 (Iowa 2009). If the small claims action was tried at law, our review on appeal is for correction of errors at law. *See id.* Any facts found by the small claims court are binding if they are supported by substantial evidence. *See id.*

### A. Small Claims Court.

"Iowa Code chapter 631 governs small claims actions." *Schrock v. Iowa Dist. Ct.*, 541 N.W.2d 256, 258 (Iowa 1995). That chapter "was enacted as part of the legislation which established a unified trial court in the state of Iowa." *Midwest Recovery Servs. v. Cooper*, 465 N.W.2d 855, 856 (Iowa 1991) (citing 1972 Iowa Acts ch. 1124, §§ 60-73). As part of its design, the legislature provided for a special court to process civil claims with smaller amounts in controversy. *See id.*; *see also* Iowa Code § 631.1. "For these small claims suits, the legislature thought it was in the public interest to provide a simpler, easier, and less expensive procedure than was afforded in district court under the [Iowa] Rules of Civil Procedure." *Id.*; *see also Roeder v. Nolan*, 321 N.W.2d 1, 4 (Iowa 1982) ("The aim of the small claims statute is to secure adjudication of demands for limited amounts quickly, simply, and inexpensively in the unified trial court."). Ultimately, the proceedings in small claims court are "intended to be 'simple and informal,' [and] tried to the court 'without regard to technicalities of procedure.'" *Conkey v. Hoak Motors, Inc.*, 637 N.W.2d 170, 172 (Iowa 2001) (citing Iowa Code § 631.11(1)).

### B. Small Claims Procedures.

After receiving notice of filing a small-claims petition, a defendant should file an appearance in accord with the applicable time-frame set out in section 631.4. *See also* Iowa Code § 631.5(1). If a defendant fails to appear after receiving proper notice of the suit, "judgment shall be rendered against the defendant by the clerk if the relief is readily ascertainable. If the relief is not readily ascertainable the claim shall be assigned to a judicial magistrate for determination." *See id.* § 631.5(6). "If all defendants either have entered a timely appearance or have

defaulted, the clerk shall assign a contested claim to the small claims calendar for hearing at a place and time certain." *Id.* § 631.5(2). Section 631.10 concerns the effect of one's failure to appear at the hearing:

> Unless good cause to the contrary is shown, if the parties fail to appear at the time of hearing the claim shall be dismissed without prejudice by the court; . . . if the plaintiff appears but the defendant fails to appear, judgment may be rendered against the defendant by the court.

"Judgment shall be rendered, based upon applicable law and upon a preponderance of the evidence." *Id.* § 631.11(4); *see also ITT Fin. Servs. v. Zimmerman*, 464 N.W.2d 486, 488-89 (Iowa Ct. App. 1990) (noting that the applicable law in the case, section 537.5114, was binding in small claims cases).

"With one exception not pertinent here, a small claims court may only hear motions at trial." *Hyde*, 578 N.W.2d at 648; *see also* Iowa Code § 631.7(2). The small claims court lacks jurisdiction to consider posttrial motions, such as a motion for new trial under Iowa Rule of Civil Procedure 1.1004, a motion to vacate a judgment pursuant to rules 1.1012 and 1.1013, or other "posttrial motions on appeal from a small claims court judgment." *Id.* (citing *Schrock*, 541 N.W.2d at 258, *Midwest Recovery Servs.*, 465 N.W.2d at 857; *Severson v. Peterson*, 364 N.W.2d 212, 213 (Iowa 1985); *Barnes Beauty Coll.*, 279 N.W.2d at 260). But, a defendant can move to set aside a default judgment. The defendant must do so in district court in the manner provided in rule 1.977. *See* Iowa Code § 631.12; *Whitehorn v. Lovik*, 398 N.W.2d 851, 852 (Iowa 1987); *Zimmerman*, 464 N.W.2d at 487.

As noted, the small claims court considered Laidlaw's notice of appeal to be a motion to set aside a default judgment.

**C. Analysis.**

Rule 1.977 provides:

> On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Such motion must be filed promptly after discovery of the grounds thereof, but not more than 60 days after entry of the judgment.

Iowa R. Civ. P. 1.977.

Our review of proceedings to set aside a default judgment is for correction of errors at law. *See* Iowa R. App. P. 6.907. The district court has broad discretion in ruling on a motion to set aside a default judgment, and we will reverse only if we find the court has abused its discretion. *See Cent. Nat'l Ins. Co. of Omaha v. Ins. Co. of N. Am.*, 513 N.W.2d 750, 753 (Iowa 1994). "We are bound by the district court's findings of fact if supported by substantial evidence, and we view the evidence in the light most favorable to the district court's ruling." *Id.* But "[t]he determination of whether a movant has established good cause is not a factual finding; rather, it is a legal conclusion and is not binding on us." *Sheeder v. Boyette*, 764 N.W.2d 778, 780 (Iowa Ct. App. 2009).

Under rule 1.977, good cause requires a sound reason; "[i]t is something more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect." *Cent. Nat'l Ins. Co. of Omaha*, 513 N.W.2d at 754. Although we prefer "to allow a determination of controversies on their merits," *Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 584 (Iowa 1999) (citation omitted), we will not vacate a default judgment "when the movant has ignored the rules of procedure with ample opportunity to abide by them." *Sheeder*, 764 N.W.2d at 780.

When deciding whether excusable neglect rises to the level of good cause to set aside a default judgment, we consider (1) whether the defaulting party actually intended to defend, (2) whether the party asserted a good faith claim or defense, and (3) whether the party willfully ignored or defied the rules of procedure rather than defaulting as the result of a mistake. *See Brandenburg*, 603 N.W.2d at 584. Our determination does "not depend on who made the mistake"; we make no distinction between the conduct of the defaulting party and the conduct of the party's insurer or attorney. *See id.* at 584-85. The defaulting party bears the burden of demonstrating good cause. *Id.* at 584.

In ruling on Laidlaw's appeal from the small claims court's denial of its motion to set aside default judgment, the district court explained:

> In this case there was no evidence presented merely arguments by counsel. [Laidlaw] is a corporation with activities in many states. [Laidlaw] electronically filed an answer to the Original Notice and received the scheduling order electronically. The contention is that the matter was mis-calendared, but there was no evidence or testimony to substantiate that assertion. The trial court found that mis-calendaring a court date fell into the category of carelessness or inattention. There was never any evidence explaining the situation beyond mis-calendaring.

Furthermore,

> The trial [small claims] court also found there was no good faith defense raised by [Laidlaw]. From a review of the hearing before the Magistrate, it appears that [Laidlaw] is challenging whether [Clauss]'s evidence would support the judgment. There was a prove-up hearing held before [the Magistrate] where [Clauss] provided evidence and an affidavit supporting his claim. While [Laidlaw] contends there is a meritorious defense to this matter, when pressed by [the Magistrate] for an explanation for the calls made in this manner and the nature of those calls, no evidence was presented to support a meritorious defense.

Upon our review of the record, we agree with the district court.

### III.  Conclusion.

We affirm the small claims court's entry of judgment for Clauss.  Any costs on appeal are assessed to Laidlaw.

**AFFIRMED.**