# IN THE COURT OF APPEALS OF IOWA

No. 15-1005
Filed September 28, 2016

**MOUNTAIN STATES ADJUSTMENT,**
**A Division of MS Services, LLC,**
    Plaintiff-Appellant/Cross-Appellee,

**vs.**

**MARK BRADLEY and**
**CAROLYN BRADLEY,**
    Defendants-Appellees/Cross-Appellants.

_____

    Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt,

Judge.


    Mountain States Adjustment appeals, and Mike and Carolyn Bradley

cross-appeal the district court's ruling on Mountain States Adjustment's breach-

of-contract claim, and the Bradleys' counterclaim for violation of the Iowa

Consumer Credit Code.  **REVERSED AND REMANDED WITH DIRECTIONS**

**ON APPEAL; CROSS-APPEAL DISMISSED.**



    Anthony L. Osborn and Marie H. Ruettgers of Goosmann Law Firm,

P.L.C., Sioux City, for appellant.

    Ray Johnson of Johnson Law Firm, West Des Moines, for appellees.



    Heard by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

Mountain States Adjustment, a Division of MS Services, L.L.C. (MSA) appeals, and Mike and Carolyn Bradley cross-appeal the district court's ruling after a bench trial on MSA's breach-of-contract claim, and the Bradleys' counterclaim for violation of the Iowa Consumer Credit Code (ICCC). MSA contends the district court erred in applying Iowa Code sections 537.5110 and .5111 (2007) and determining MSA's notices to cure were defective. The Bradleys assert the district court erred in concluding the debt was not satisfied in full and abused its discretion in determining the attorney fee award.[1] Both parties request appellate attorney fees.

We agree with the district court that a deficiency remained owing on the promissory note and was not settled. However, we conclude application of the ICCC was in error and therefore reverse and remand for further proceedings with directions. Because the district court awarded attorney fees pursuant to the provisions of the ICCC, we also reverse and remand the attorney-fee award. We award appellate attorney fees to MSA in an amount to be determined by the district court. The district court shall enter judgment anew without consideration of the ICCC including any award of attorney fees.

**I. Background Facts and Proceedings.**

In 2007, the Bradleys entered into a home equity loan with Bank of the West for $150,000 in order to complete construction of their home. The loan was secured by a mortgage on the home. The Bradleys made approximately twelve

---

[1] On cross-appeal, the Bradleys also initially claimed the district court improperly admitted Exhibits 5 and 6. However, the Bradleys withdrew this claim in their reply brief.

payments before defaulting on the loan. In June 2011, Bank of the West accepted a $5000 payment from the Bradleys in exchange for a satisfaction of mortgage to facilitate a short sale. Bank of the West attempted to collect the deficiency on the loan, but the Bradleys insisted the $5000 was a settlement of the full debt. On July 18, 2012, Bank of the West sold and assigned its right, title, and interest in the loan, including the right to pursue collection, to MSA. According to MSA, at the time the note was assigned to MSA the Bradleys had not made at least thirty-six monthly installment payments of $1205.98 each, totaling approximately $43,415.28. A letter from MSA's attorney to the Bradleys dated July 31, 2012, listed the amount due as $182,921.68, but did not explain what portion of that amount could be attributed to delinquency or deferral fees. MSA mailed a notice of right to cure to each of the Bradleys, stating in relevant part:

> You are now in default on this credit transaction. You have a right to correct this default until August 30, 2012. . . . Your default consists of a failure to pay a consumer loan to MOUNTAIN STATES ADJUSTMENT, A DIVISION OF MS SERVI[CES].
> Correction of the default: On or before August 30, 2012, pay the sum of $11,857.99 or the amount of all unpaid installments due at the time of tender, without acceleration, plus any delinquency or deferral charges, whichever is less.

The Bradleys did not cure the default, and MSA initiated its breach-of-contract action on September 21, 2012. On January 31, 2013, the Bradleys filed their answer, affirmative defenses, and counterclaim, arguing the mortgage and note had been satisfied in full, and MSA's notices of right to cure violated Iowa Code section 537.5111 and the federal Fair Debt Collection Practices Act. A bench trial was held August 21 and November 12, 2014. On January 11, 2015,

the district court entered an order holding the Bradleys' $5000 payment only released the mortgage and did not satisfy the note in full, granting the Bradleys' counterclaim as to the violation of section 537.5111, and dismissing the Bradleys' counterclaim as to the federal Fair Debt Collections Practices Act claim. The district court dismissed MSA's petition for failure to send compliant notices of right to cure.

Pursuant to Iowa Code section 537.5201(8), the Bradleys filed a motion on February 6, 2015, requesting $25,594.90 in attorney fees. The court awarded $9535.84 in attorney fees for work completed in furtherance of the successful ICCC claim.

MSA appeals, and the Bradleys cross-appeal.

## II. Standard of Review.

We review a case tried at law for correction of errors at law. Iowa R. App. P. 6.907; *Midwest Recovery Servs. v. Wolfe*, 463 N.W.2d 73, 74 (Iowa 1990). Additionally, "[a] review of statutory construction is at law." *GE Money Bank v. Morales*, 773 N.W.2d 533, 536 (Iowa 2009). And contract actions are also reviewed for correction of errors at law. *Iowa Fuel & Minerals, Inc. v. Iowa State Bd. of Regents*, 471 N.W.2d 859, 862 (Iowa 1991). Under this standard of review, "[i]f substantial evidence in the record supports a district court's finding of fact, we are bound by its finding. However, a district court's conclusions of law or its application of legal principles do not bind us." *Iowa Mortg. Ctr., L.L.C. v. Baccam*, 841 N.W.2d 107, 110 (Iowa 2013).

We review the district court's award of attorney fees for an abuse of discretion. *Boyle v. Alum-Line, Inc.*, 773 N.W.2d 829, 832 (Iowa 2009).

**III. Analysis.**

*A. Satisfaction of Debt.* We first address the Bradleys' contention on cross-appeal that their $5000 payment to Bank of the West constituted satisfaction of the mortgage and promissory note in full. The Bradleys assert they believed the $5000 payment would satisfy their entire debt, and they did not agree to pay the deficiency. They further claim they did not receive notification from Bank of the West informing them they would be responsible for the deficiency. The Bradleys contend the language of the satisfaction of mortgage was not ambiguous, and should be read to state the entire debt was "redeemed, paid off, satisfied and discharged in full."

"A cardinal rule of contract construction or interpretation is the intent of the parties must control. . . . If the contract is ambiguous and uncertain, extrinsic evidence can be considered to help determine the intent." *Hartig Drug Co. v. Hartig*, 602 N.W.2d 794, 797 (Iowa 1999) (citations omitted). However, "a contract is not ambiguous merely because the parties disagree over its meaning. Instead, an ambiguity occurs in a contract when a genuine uncertainty exists concerning which of two reasonable interpretations is proper." *Id.*

The district court found the satisfaction of mortgage was not ambiguous. We agree. The document contains only reference to the mortgage, and does not mention release of the note. The document is titled "Satisfaction of Mortgage," describes the mortgage it is referencing in detail, and states that said mortgage is satisfied in full. On its face, the satisfaction of mortgage unambiguously releases only the Bradleys' mortgage.

Even assuming the satisfaction of mortgage is ambiguous, consideration of extrinsic evidence indicates the Bradleys should have known the $5000 payment did not satisfy the note. MSA provided multiple exhibits demonstrating the Bradleys were informed the debt on the note was not released. Exhibit 5—a fax from a Bank of the West employee to a representative of the Bradleys—stated:

> [t]he bank agreed to the short sale in the amount of $5000.00 just to release the lien on the property. . . . The Bradley[]s were offered a repayment plan of $500.00 a month at 0% interest on the remaining balance after the short sale was complete, they denied that offer from the bank. Since this loan was not a purchase money loan they are pursuable for the deficiency balance after the short sale is completed.

Exhibits 6 and 13 further indicate the bank informed the Bradleys they would "be responsible for the remaining balance," and advised the Bradleys if they did not file bankruptcy the bank intended to pursue the remaining balance after the short sale. Additionally, as noted by the district court, an assistant vice-president for the bank testified it was a typical practice for the bank to release a mortgage security interest but still require payment of the deficiency.

The Bradleys also argue they did not know the mortgage and note were being treated as separate obligations in this matter. However, Mark Bradley testified to his familiarity with mortgages and promissory notes, and that they can be dealt with separately. The Bradleys' work involves building homes and supplying construction tools and fasteners for home construction. Mark Bradley testified over the course of his career he has built approximately sixty or seventy homes on "spec," and he was involved in signing notes and mortgages on each

of the "spec" homes. Due to their profession, the Bradleys worked extensively with mortgages and promissory notes and had knowledge of the process.

The evidence reflects the mortgage and promissory note were not treated as separate obligations, and the Bradleys understood this was the case. Therefore, we agree with the district court's holding that the $5000 payment constituted settlement of the mortgage and not the promissory note.

*B. Application and Interpretation of Sections 537.5110 and .5111.* On appeal, MSA contends the district court erred in (1) applying Iowa Code sections 537.5111 and 537.1110, and (2) determining MSA's notices of right to cure were deficient under sections 537.5110 and .5111. The Bradleys contend error was not preserved on the issue of the applicability of the ICCC to the notice to cure.

Our error preservation rules generally require, "a party seeking to appeal an issue presented to, but not considered by, the district court to call to the attention of the district court its failure to decide the issue." *Meier v Senecaut*, 641 N.W.2d 532, 540 (Iowa 2002). Here, there was no stipulation by the parties to apply provisions of the ICCC to these facts. Although MSA may not have argued for a different application of the law, MSA clearly denied its notice to cure was in contravention of the law.

To determine if the notice to cure was in compliance with the law, the district court had to determine the applicable code sections. Notice-to-cure requirements under sections 537.5110 and 537.5111 only apply to consumer credit transactions. Iowa Code § 537.5110(1). But if, for example, the notice to cure had been sent out in connection with a mortgage foreclosure, Iowa Code

section 654.2B would have applied, and the notice to cure would have had to meet the requirements of that statutory provision.

In its written decision, the district court specifically concluded the ICCC applied by stating, "Iowa Code section 537.1110(4)(c) governs" this case. The district court then determined the notice to cure was not in compliance with section 537.1110. We conclude the district court decided the issue of the application of the ICCC, and error was preserved.

Our supreme court has also stated,

> in a law action tried to the court its findings of fact having adequate evidentiary support shall not be set aside unless induced by an erroneous view of law. It follows, the rule does not preclude inquiry into the question whether, conceding the truth of a finding of fact, the trial court applied erroneous rules of law which materially affect the decision.

*Henschel v. Hawkeye-Sec. Ins. Co.*, 178 N.W.2d 409, 415 (Iowa 1970). In other words, the appellate court is not bound by the application of erroneous rules of law or trial court determinations of law. *Connie's Constr. Co.*, 227 N.W.2d 207, 209 (Iowa 1975). Accordingly, we will examine the applicability of the ICCC to these facts.

Here, there was no provision of the parties' agreement that imposed the application of the ICCC upon them. The transaction involved a promissory note in the amount of $150,000 and a mortgage to secure payment. The mortgage was released but the note remains unsatisfied. Iowa Code section 537.1301(12) encompasses a consumer loan within the definition of a "consumer credit transaction." However one of the several requirements necessary to establish a "consumer loan" is the requirement that the loan not "exceed twenty-five

thousand dollars." Iowa Code § 537.1301(15)(a)(5). Here the loan clearly exceeded the permissible maximum amount, and thus, the loan did not constitute a "consumer loan" nor a "consumer credit transaction" under the ICCC. Accordingly, an error of law exists and we reverse and remand for further proceedings.

*C. Attorney Fees.* The Bradleys also assert on cross-appeal that the district court's award of attorney fees was an abuse of discretion. Because the award of attorney fees was based upon a violation of the ICCC, we also reverse on this issue.[2]

*D. Appellate Attorney Fees.* Both parties request appellate attorney fees. The Bradleys request appellate attorney fees pursuant to Iowa Code section 537.5201(8). Section 537.5201(8) includes appellate court services. *Pub. Fin. Co. v. Van Blaricome*, 324 N.W.2d 716, 726 (Iowa 1982). However because we have determined the ICCC is not applicable, the Bradleys are not entitled to an award of appellate attorney fees.

MSA may claim attorney fees pursuant to the promissory note agreement that was assigned to it. We remand to the district court to determine the reasonable amount of appellate attorney fees, if any, to be awarded to MSA.

**IV. Conclusion.**

We conclude the district court did not err in determining the promissory note was not satisfied in full. We also find application of the ICCC was in error and reverse the judgment and award of attorney fees in favor of the Bradleys and

---

[2] Iowa Code section 537.5201(8) provides, "In an action in which it is found that a person has violated this chapter, the court shall award to the consumer the costs of the action and to the consumer's attorneys their reasonable fees."

remand with directions for the district court to enter judgment anew on the basis that MSA was not required to comply with the ICCC. MSA is awarded appellate attorneys in an amount to be determined by the district court. Any award of trial attorney fees shall be at the discretion of the district court on remand.

**REVERSED AND REMANDED WITH DIRECTIONS ON APPEAL; CROSS-APPEAL DISMISSED.**