Melissa SYMONDS, Appellee,

v.

Mindy GREEN, Appellant.

No. 92–285.

Supreme Court of Iowa.

Dec. 23, 1992.

Michael J. Tulis of Legal Services Corp. of Iowa, Sioux City, for appellant.

Melissa Symonds, Hawarden, pro se.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

PER CURIAM.

This case involves a landlord-tenant dispute. In April 1991, Melissa Symonds and Mindy Green entered into a written month-to-month rental agreement for a house. Pursuant to the agreement, rent was due on the first day of each month. Green fell behind in her rent. On November 18, 1991, Symonds served Green with a standard three-day notice to quit form. The notice to quit informed Green that she was to vacate and surrender the property within three days. The notice did not give Green the opportunity to pay the delinquent rent prior to termination of the rental agreement. Green did not move. On November 21, 1991, Symonds commenced a forcible entry and detainer action under Iowa Code chapter 648 (1991) in small claims court.

At the small claims hearing, Green argued that the forcible entry and detainer action could not be maintained because Symonds had failed to serve her with a three-day written notice to cure as required by Iowa Code section 562A.27(2) before terminating the lease. The district associate judge rejected Green's argument and issued an execution for removal.

Green appealed to a district court judge and raised the same arguments. The district court held that Symonds' service of the three-day notice to quit instead of the three-day notice to cure was a technical error that did not prejudice the substantial rights of the parties in the absence of evidence that Green offered or attempted to cure the defect. *See* Iowa Code § 631.-13(4)(a) (the judge shall decide the appeal without regard to technicalities or defects that have not prejudiced the substantial rights of the parties). The district court issued a warrant or execution for removal. This court granted Green's application for discretionary review.

The issue is whether, in the case of a residential lease, a three-day notice to cure is a jurisdictional requirement that must be met prior to filing a forcible entry and detainer action for nonpayment of rent. We believe it is.

Iowa Code section 562A.27(2) (1989) provides:

If rent is unpaid when due *and the tenant fails to pay rent within three days after written notice by the landlord of nonpayment and the landlord's intention to terminate the rental agreement if the rent is not paid within the period of time,* the landlord may terminate the rental agreement.

(Emphasis added.) The landlord must notify the tenant in writing of nonpayment of rent and inform the tenant of the right to cure the nonpayment prior to terminating the rental agreement. Once the landlord

has given a tenant three days notice to pay rent and has terminated the tenancy as provided by section 562A.27(2), the landlord can commence an action for forcible entry and detainer without giving a three-day notice to quit. *See* Iowa Code § 648.3 (1991).

In this case, Symonds served Green with a three-day notice to quit demanding that she vacate the premises. The notice to quit did not inform Green that she had three days to remedy the nonpayment of rent. Green was unaware that the rental agreement would not terminate if she cured the defect. Symonds' failure to serve a three-day notice to cure substantially prejudiced Green's rights.

We hold that written notice to cure in compliance with section 562A.27(2) is a condition precedent to the landlord's termination of a rental agreement in the case of a residential lease. Because Symonds failed to notify Green of her right to cure the nonpayment of rent prior to termination of the rental agreement, the trial court lacked jurisdiction to hear her forcible entry and detainer action. *See Liberty Manor v. Rinnels*, 487 N.W.2d 324, 326 (Iowa 1992) (holding the landlord's failure to give notice as specified by Iowa Code section 562A.27(1) deprived the trial court of jurisdiction to hear a forcible entry and detainer action). Therefore, we reverse the district court's order issuing execution for removal.

REVERSED.