Marge ROWAN, Appellee,

v.

Michael EVERHARD and Joy Arnold, Appellants.

No. 95–141.

Supreme Court of Iowa.

Oct. 23, 1996.

---

2. This statute was repealed effective July 1, 1995. 1994 Iowa Acts ch. 1167, § 121(1).

Vivian P. Meyer–Betts, Waterloo, for appellants.

Diane Larsen, Waterloo, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

PER CURIAM.

The primary issue involved in this discretionary review is whether the failure to file a motion to set aside a default judgment entered in small claims court requires dismissal of an appeal in district court. We conclude it does not; therefore, we reverse and remand.

On March 4, 1994, plaintiff Marge Rowan and defendants Michael Everhard and Joy Arnold entered into an oral agreement for the lease of residential property located at 224 East Tenth Street in Cedar Falls. The lease provided that defendants pay monthly rent in the amount of $375. On August 9, 1994, Rowan served defendants with a three-day notice of nonpayment of rent asserting that defendants owed her unpaid rent and utilities in the amount of $580.84. On the same day Rowan filed an action for forcible entry and detainer based on the nonpayment of rent. Defendants were served with papers on the actions for money judgment and forcible entry and detainer on August 10, 1994. Apparently the copy served on the defendants did not indicate a date or location for the eviction hearing.

Defendants did not appear at the August 24, 1994 eviction hearing. Thereafter the district court entered a default judgment requiring defendants to be removed from the property.

On August 30, 1994, defendants filed a timely notice of appeal to the district court.

They argued the three-day notice to pay rent was defective and that the forcible entry and detainer action was filed the day after notice was served. See Iowa Code §§ 562A.27, 648.3 (1993). Defendants also indicated that the original notice of the forcible entry and detainer action was defective because the service copy did not show the time or location of the hearing. The district court granted defendants' application to stay execution of the eviction ruling.

Following a hearing the district court dismissed the appeal. The court concluded the defendants should have moved to set aside the default judgment for good cause and that it should not consider issues which were never controverted or considered in the original small claims proceeding. The court concluded the defendants' failure to move to set the default judgment aside pursuant to Iowa Code section 631.12 precluded appellate review.

We granted defendants' application for discretionary review. A forcible entry and detainer action is tried in equity. *Sunset Mobile Home Park v. Parsons,* 324 N.W.2d 452, 454 (Iowa 1982). Our review of equity cases is de novo. *Id.* However, even in equity our review of the construction of statutes is at law. *State ex rel. Lankford v. Allbee,* 544 N.W.2d 639, 640 (Iowa 1996).

Section 631.12 provides in pertinent part that a "defendant *may* move to set aside a default judgment in the manner provided for doing so in district court by rule of civil procedure 236." (Emphasis added.) We have stated that "the legislature intended to provide a simple, informal, and inexpensive procedure for the trial of a small claim in a trial conducted by the court itself without regard to technicalities of procedure." *Lau v. City of Oelwein,* 336 N.W.2d 202, 203 (Iowa 1983). Iowa Code section 631.13(4)(a) provides in pertinent part that "[t]he judge shall decide the appeal *without regard to technicalities or defects which have not prejudiced the substantial rights of the parties,* and may affirm, reverse, modify the judgment, or render judgment as the judge or magistrate should have rendered." (Emphasis added.)

**550**

We believe the court erred in dismissing the defendants' appeal on the basis that they did not move to set aside the default judgment. We find that neither the statutory language of section 631.12 nor the legislature's intent supports the procedural prerequisite to appeal imposed here by the district court. Although the default judgment precludes these defendants from arguing issues of fact on the appeal, they should be permitted to argue issues of law concerning the sufficiency of the various notices and the timing of the hearing. Due to our ruling on this issue, we determine it is unnecessary to address the other issues raised by defendants in their application for discretionary review. Accordingly, we reverse the order dismissing the appeal and remand the case to the district court for a decision on the merits.

**REVERSED AND REMANDED.**