# IN THE COURT OF APPEALS OF IOWA

No. 17-1377
Filed December 5, 2018

**LINDA AGAN,**
        Plaintiff-Appellee,

**vs.**

**TAMMY KRAMBECK,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Odell G. McGhee II, District Associate Judge.

A tenant appeals the denial of her motion to set aside the default judgment evicting her from the home she rented. **REVERSED AND REMANDED FOR DISMISSAL.**

Andrea Hiatt Buckley of Iowa Legal Aid, Sioux City, for appellant.

Christopher R. Kemp of Kemp & Sease, Des Moines, for appellee.

Thomas J. Miller, Attorney General, and Benjamin E. Bellus and Jessica Whitney, Assistant Attorneys General, for amicus curiae Iowa Attorney General.

Rita Bettis of ACLU of Iowa Foundation, Des Moines, Clarissa Flege of Iowa Coalition Against Domestic Violence, Urbandale, and Sandra Shin-Young Park and Lenora M. Lapidus of ACLU Women's Rights Project, New York, New York, for amici curiae American Civil Liberties Union of Iowa, Iowa Coalition Against

Domestic Violence, American Civil Liberties Union, National Housing Law Project, National Law Center on Homelessness and Poverty, National Network to End Domestic Violence, and Sargent Shriver National Center on Poverty Law.

Heard by Danilson, C.J., and Potterfield and Doyle, JJ.

**POTTERFIELD, Judge.**

Tammy Krambeck appeals from the default judgement entered by the small claims court evicting her from the home she rented from Linda Agan for more than three years. Tammy maintains the small claims court had jurisdiction to set aside the default judgment and she had good cause for the judgment to be set aside. Alternatively, she argues the district court should have set aside the judgment entered by the small claims court because the small claims court never had jurisdiction to enter the default in the first place, as the forcible entry and detainer notice was facially defective—it did not provide the required language about her right-to-cure the alleged clear and present danger—and in violation of her right to summon emergency assistance, found in Iowa Code section 562A.27B (2017).

**I. Background Facts and Proceedings.**

On June 29, 2017, Agan sent her tenants, Tammy and Greg Krambeck,[1] a three-day notice to quit the residence. On it, Agan wrote "clear and present canger." She also included a handwritten narrative, which was dated the day before and stated:

> Tammy screaming from inside the trailer that Greg has bruised her, he beat me, call the police. The police were contacted and she declined to show evidence of abuse. This occurrence is very frequent with Greg chasing Tammy outside. The neighbors/tenants are exposed to the domestic assault daily. Children reside in the mobile home park and should not be exposed to this exchange & physical violence.

The same day, Agan sent by certified mail a second notice, titled "3 day termination notice to tenant," with Agan again adding a handwritten note, stating, "clear and

---

[1] Tammy's husband, Greg, also lived in the home and was a party to the underlying proceedings brought by Agan.

present danger." It advised the Krambecks that Agan "inten[ded] to terminate [their] tenancy" on July 6.

On July 14, Agan filed an original notice and petition for forcible entry and detainer (FED). In filling out the form, Agan stated she was demanding possession of the rental home, as "[t]he defendants have been advised that I am terminating tenancy as they are causing clear and present danger by exposing our other mobile home tenants to the screaming, yelling and physical abuse that they display. The police have been there many times."

The matter was set for hearing in small claims court, but neither Tammy nor Greg appeared. On July 24, the court entered a default judgment against the Krambecks and issued a writ of removal and possession, formally evicting them from their home.

On July 27, Tammy[2] filed a motion to set aside the default judgment, pursuant to Iowa Code section 631.12. She alleged neither she nor Greg attended the hearing on the FED action because of her medical condition and claimed she had a number of defenses and counterclaims to Agan's motion, including "lack of proper notice as the clear and present danger notice does not set forth the statutory cure language." (Altered for readability.) In an affidavit attached to her motion, Tammy swore she "was not able to make it to the hearing because of [her] medical condition. [She] was having seizures before the hearing and [her] husband needed to stay with [her] while they were occurring." She further certified she was

---

[2] Only Tammy filed a motion to set aside the default judgment.

diagnosed with epilepsy when she was twelve years old and was seen by a local neurologist.

Tammy's motion was set for hearing, and the parties were advised that if it was granted, they should "be prepared to proceed immediately to a trial on [the] merits." The writ of removal was stayed pending the hearing.

The hearing took place on July 31, and the small claims court ruled from the bench at the conclusion of the hearing. The court, relying upon Iowa Code section 648.5 and *Merryman v. Merryman*, No. 04-0173, 2005 WL 974688, at *5–6 (Iowa Ct. App. Apr. 28, 2005),[3] determined it did not have jurisdiction to consider the motion to set aside the default judgment, as more than fifteen days had passed since Agan filed her FED action.

Tammy appealed the ruling of the small claims court to the district court. She challenged the small claims court's ruling it did not have jurisdiction to hear the motion to set aside the judgment and argued the three-day termination notice she received from Agan was improper because it failed to include necessary statutory language, thereby preventing the small claims court from entering default judgment against her. Additionally, she maintained the three-day notice was facially invalid as it violated her statutory right to summon emergency assistance, as codified in Iowa Code section 562A.27B. Finally, she asked the court to schedule a fact-finding hearing.

---

[3] Merryman involved the setting of the initial hearing on an FED, not the hearing on an application to set aside default judgment, which is governed generally by Iowa Rule of Civil Procedure 1.977.

The writ of removal continued to be stayed pending the district court hearing. The court, in setting a hearing, noted that no new evidence was admissible on appeal and advised it would only consider the evidence previously presented.

Following a hearing,[4] the district court denied Tammy's motion. The court ruled the small claims court's determination it did not have jurisdiction to hear the motion to set aside judgment "is a proper and fair interpretation of the related law." Additionally, the court found that Tammy had not "allege[d] sufficient grounds by a preponderance of the evidence to overturn the default judgment and findings of the small claims court; [her] conduct amounted to lack of care, attention, and approached gross neglect or willful procrastination." In reaching this conclusion, the court incorrectly stated that Tammy's motion to set aside referenced an affidavit that had not been filed. Tammy's affidavit was filed the same day as the motion and is included in the record before us. In ruling on Tammy's claim that the FED notice was facially deficient, as it did not contain any of the right-to-cure language provided in section 562A.27A, the court stated:

> [Tammy] argue[s] that since [Agan] did not include the required cure language on either three-day notice filed with the court, the small claims court did not have jurisdiction to hear this case and it should have been dismissed. This court disagrees. The court finds that [Agan] reported the abuse to police, but [Tammy] refused the help of law enforcement by not certifying that abuse was occurring. There is little or no evidence that Defendant Tammy Krambeck did anything to make law enforcement aware of what was happening. In fact, she seemed unwilling to work with law enforcement when they were summoned. . . .

---

[4] It appears the district court hearing was unreported.

The court appeared to base this final statement on the unverified statements of Agan that were made in the various court filings. Finally, in a possible reference to Tammy's argument regarding the FED notice's violation of the right-to-assistance, codified in section 562A.27B, the court ruled, "[T]he three-day notice is not so defective it violates public policy." *See* Iowa Code § 562A.27B(1)(d) ("Any waiver of the provisions of this subsection is contrary to public policy and is void, unenforceable, and of no force or effect.").

Tammy appeals.

## II. Standard of Review.

"A forcible entry and detainer action is tried in equity. Our review of equity cases is de novo. However, even in equity our review of the construction of statutes is at law." *Rowan v. Everhard*, 554 N.W.2d 548, 549 (Iowa 1996) (citations omitted).

## III. Discussion.

Tammy maintains the small claims court had jurisdiction to set aside the default judgment and she had good cause for the judgment to be set aside. Alternatively, she argues the district court should have set aside the judgment entered by the small claims court because the small claims court never had jurisdiction to enter the default in the first place, as the FED notice was facially defective—it did not provide right-to-cure language—and in violation of her right to summon emergency assistance, found in Iowa Code section 562A.27B.

We begin with Tammy's argument that the small claims court did not have jurisdiction to enter the initial default judgment because the FED notice was invalid

on its face as it (1) lacked the statutorily required language regarding her right-to-cure the alleged clear and present danger, pursuant to section 562A.27A and (2) violated her right to assistance, pursuant to section 562A.27B.

Tammy did not make these arguments to the small claims court, as she was never able to proceed on the merits of her claim. But she did raise them before the district court, which is proper. *See Rowan*, 554 N.W.2d at 550 (reversing district court decision dismissing tenants' appeal of default judgment in an FED action based on belief it could "not consider issues which were never controverted or considered in the original small claims proceeding" and ruling, "Although the default judgment precludes these defendants from arguing issues of fact on the appeal, they should be permitted to argue issues of law concerning the sufficiency of the various notices and the timing of the hearing").

Moreover, as issues involving whether the court had jurisdiction to act, they may be raised at any time. *See, e.g.*, *Lloyd v. State*, 251 N.W.2d 551, 556–57 (Iowa 1977) ("[T]he question of lack of subject matter jurisdiction can be raised in any manner at any stage of the proceedings . . . .").

Iowa Code section 562A.27A(1) provides, in part:

> [I]f a tenant has created or maintained a threat constituting a clear and present danger to the health or safety of other tenants, . . . the landlord, after the service of a single three days' written notice of termination and notice to quit stating the specific activity causing the clear and present danger, *and setting forth the language of subsection 3 which includes certain exemption provisions available to the tenant*, may file suit against the tenant for recovery of possession of the premises . . . .

(Emphasis added.) Subsection (3) limits the application of the code provision, making it inapplicable "to a tenant if the activities causing the clear and present

danger . . . are conducted by a person on the premises other than the tenant and the tenant takes at least one of the following measures":

> (1) The tenant seeks a protective order, restraining order, order to vacate the homestead, or other similar relief pursuant to chapter 235F, 236, 598, 664A, or 915, or any other applicable provision which would apply to the person conducting the activities causing the clear and present danger.
> (2) The tenant reports the activities causing the clear and present danger to a law enforcement agency or the county attorney in an effort to initiate a criminal action against the person conducting the activities.
> (3) The tenant writes a letter to the person conducting the activities causing the clear and present danger, telling the person not to return to the premises and that a return to the premises may result in a trespass or other action against the person, and the tenant sends a copy of the letter to a law enforcement agency whose jurisdiction includes the premises. If the tenant has previously written a letter to the person as provided in this subparagraph, without taking an action specified in subparagraph (1) or (2) or filing a trespass or other action, and the person to whom the letter was sent conducts further activities causing a clear and present danger, the tenant must take one of the actions specified in subparagraph (1) or (2) to be exempt from proceedings pursuant to subsection 1

Iowa Code § 562A.27A(3)(a)(1)-(3).

The district court denied Tammy's challenge to the notice, ruling that the small claims court had jurisdiction to hear the FED action because "Tammy Krambeck refused the help of law enforcement by not certifying that abuse was occurring. There is little or no evidence that Defendant Tammy Krambeck did anything to make law enforcement aware of what was happening." But whether Tammy took the actions outlined in subsection (3) to cure the alleged clear and present danger and whether she was advised of having the right to do so are two separate questions.

The plain language of section 562A.27A(1) provides that only after the landlord provides the tenant with "three days' written notice of termination and notice to quit" that sets "forth the language of subsection 3 which includes certain exemption provisions available," the landlord may file their FED action. In other cases involving FED actions, our supreme court has held that failure to give proper notice deprives the court of jurisdiction to hear the action. In *Symonds v. Green*, 493 N.W.2d 801, 803 (Iowa 1992), our supreme court stated:

> We hold that written notice to cure in compliance with section 562A.27(2) is a condition precedent to the landlord's termination of a rental agreement in the case of a residential lease. Because [the landlord] failed to notify [the tenant] of her right to cure the nonpayment of rent prior to termination of the rental agreement, the trial court lacked jurisdiction to hear [the landlord's] forcible entry and detainer action.

*See also Liberty Manor v. Rinnels*, 487 N.W.2d 324, 326 (Iowa 1992) (ruling the landlord was required to give the notice specified in the applicable section and "[f]ailure to do so deprives the trial court of jurisdiction to hear a forcible entry and detainer action to recover possession of the leased property"); *cf. Hunter v. City of Des Moines Mun. Hous. Auth.*, 742 N.W.2d 578, 590 (Iowa 2007) (considering whether the failure to include right-to-cure language deprived the court of jurisdiction and recognizing that "[g]enerally, a defect in the notice requirements under section 562A.27(1) 'deprives the trial court of jurisdiction to hear a forcible entry and detainer action to recover possession of the leased property'" before determining that the notice requirements do not apply when the notice to quit is given at the end of the term of tenancy).

While we have not found any authority discussing the necessity of the right-to-cure language regarding clear and present dangers in section 562A.27A, we can think of no reason why we should treat the failure to include the notice differently than other right-to-cure language in other FED actions.

Agan offers a slightly different argument, maintaining that the right-to-cure language could not apply to Krambeck, as it only applies to tenants when the clear and present danger is an activity taken by someone other than the tenant. *See* Iowa Code § 562A.27A(3)(a). In support of this argument, Agan relies upon her own FED petition, in which she alleged, "The defendants have been advised that I am terminating tenancy as they are causing clear and present danger by exposing our other mobile home tenants to the screaming, yelling and physical abuse that *they* display." (Emphasis added.) She maintains that this fact makes it unnecessary for her to provide the right-to-cure language as part of the three-day notice.

But again, the question of whether Tammy would have been able to or would have chosen to cure the alleged clear and present danger and whether she had the right to be advised of the possibility are separate questions. We cannot say if Tammy would have been able to cure, as there was no fact-finding hearing during these proceedings. We will not rely on Agan's untested allegations to determine facts. Moreover, for a similar reason, the statute requires that all written notices of termination and notices to quit provide the right-to-cure language; the statute does not allow the individual landlord to make the determination whether their tenant is able to cure.

Because the notice provided to Tammy failed to include the necessary right-to-cure language, the small claims court lacked jurisdiction to decide the FED action and enter the default judgment. We reverse the district court and remand for dismissal of the underlying action. As this issue is dispositive, we do not consider Tammy's other arguments.

**REVERSED AND REMANDED FOR DISMISSAL.**