**CITIBANK SOUTH DAKOTA, N.A.,**

v.

**Bonnie L. JOHNSON.**

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

Sept. 20, 2006 Session.

Dec. 4, 2006.

Permission to Appeal Denied by
Supreme Court April 23, 2007.

———

John M. Richardson, Jr., Clarksville, Tennessee, for appellant.

Lynn Tarpy, Knoxville, Tennessee, for appellee.

## OPINION

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, J., joined.

Plaintiff's action to collect debt incurred by use of credit card by defendant was dismissed by the Trial Court because defendant had not signed a contract to use the card. We reverse.

In this action to recover on a credit card debt, the Trial Court dismissed the action because the plaintiff did not produce a contract signed by the defendant debtor.

In the Complaint, plaintiff alleged that defendant had breached her credit card agreement by failing to make payments as required, and alleged that defendant owed $17,964.96, and it sought judgment in that amount, plus attorney's fees, costs, and pre- and post-judgment interest. A copy of the credit card agreement was attached, which states that if the credit card user defaults by failing to pay the minimum payments on time, plaintiff can demand payment of the full balance and close the account. The agreement also provided for collection costs and attorney's fees, however, the agreement is not signed by the defendant. Also attached was an Affidavit of a bank employee, who attested to the amount owed by defendant, as well as a copy of the most recent statement.

Defendant filed a Motion to Dismiss, stating that the Complaint did not comply with Tenn. R. Civ. P. 10.03, because a copy of the contract between the parties was not attached. The Trial Court allowed the plaintiff thirty days to amend the Complaint to cure any defects.

An Amended Complaint was filed, which alleged the defendant applied for a credit card from plaintiff, received a card and the appropriate notices pursuant to 15 U.S.C. § 1602(j), and had used the card to purchase merchandise and/or receive cash advances, but failed to pay this indebtedness. Plaintiff also alleged that, pursuant to federal law, the use of the credit card

constituted acceptance of the terms of the cardmember agreement, and there was no requirement that the agreement be signed.

Defendant filed a second Motion to Dismiss, making the earlier assertions, the Court entered an Order, stating that a hearing was held, and the Court found the Motion to be well-taken and granted dismissal.

On appeal, plaintiff asserts that the Motion to Dismiss should have been overruled, because federal law allows a credit card to be issued without a signed application or agreement, and also provides that use of the card constituted acceptance of the Agreement.

Tenn. R. Civ. P. 10 states that "Whenever a claim or defense is founded upon a written instrument other than a policy of insurance, a copy of such instrument or the pertinent parts thereof shall be attached to the pleading as an exhibit unless the instrument is" a) a public record, b) in the adverse party's possession, or c) "inaccessible to the pleader or is of such nature that attaching the instrument would be unnecessary or impracticable". Plaintiff argues that the dismissal is in the nature of a Tenn. R. Civ. P. 12 dismissal for failure to state a claim, because the Trial Court was actually testing the sufficiency of the Complaint, and thus, the standard of review would require we accept the facts alleged in the complaint as true and review solely the legal issue presented with no presumption of correctness. *Gunter v. Laboratory Corp. Of America*, 121 S.W.3d 636 (Tenn.2003).

Plaintiff asserted in the Amended Complaint that defendant had applied for the card, and that, pursuant to federal law, a card could be issued without a signed agreement. However, the Trial Court dismissed the action because there was no signed application/agreement, without addressing the legal question of whether such was necessary.

12 C.F.R. § 226.5a, part of the regulations dealing with Truth in Lending, provides that certain disclosures must be made with a solicitation, which is defined as "an offer by the card issuer to open a credit or charge card account that does not require the consumer to complete an application." This regulation goes on to detail which disclosures must accompany a direct-mail or electronic application or solicitation, and which ones must be made orally in a telephone application or solicitation. 12 C.F.R. § 226.5a. The regulations contemplate that there are several ways to obtain a credit card without a written application. A later section in the regulations provides that requests or applications for a credit card may be oral or written, and that the card is deemed accepted if it has been signed or used by the cardholder, or if the cardholder has authorized someone else to use it to obtain credit. *See* 12 C.F.R. § 226.12. Likewise, 15 U.S.C. § 1602($l$), deals with consumer credit, and defines an accepted credit card as one used to obtain money or goods on credit, and contains no requirement that it actually be applied for in writing. The Tennessee statute on unsolicited credit cards provides that "use of the card or retention of the card with intention to use it by either the person to whom it was issued or anyone to whom the person entrusts it will result in the person to whom the card was issued being subject to the terms of the agreement and liable for its unauthorized use", if the card agreement so provides. Tenn.Code Ann. § 47–22–102(b).

Both federal law and State law provide that a signed agreement/application is not always required to obtain a credit card, and the Trial Court should not have dismissed the Complaint for the lack of a signed agreement. We reverse the Trial

Court and reinstate the case and remand for further proceedings.

The cost of the appeal is assessed to the defendant, Bonnie L. Johnson.